IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Schmidt Taxi, LLC,  :
         Appellant  :
   :  No.  1617 C.D. 2015
     v.  :
   :  Argued:  May 12, 2016
The Philadelphia Parking Authority  :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED:  July 5, 2016


        Schmidt Taxi, LLC (Appellant) appeals from the July 9, 2015 order of the Court of Common Pleas of Philadelphia County (trial court) denying Appellant's statutory appeal from the order of a Philadelphia Parking Authority (PPA) Hearing Officer, which sustained a citation issued to Appellant for violating section 1011.9 of Title 52 of the Pennsylvania Code (Code).[1]


### Facts and Procedural History

        The underlying facts are undisputed.  On October 16, 2013, the Pennsylvania Department of Transportation suspended the driver's license of a taxicab driver, Guy Florival (Florival).  However, Florival continued to lease and operate Appellant's taxicab while his driver's license was suspended.  Subsequently,

---

[1] 52 Pa. Code §1011.9 (taxicab service limitations).

Florival filed an application with PPA's Taxicab and Limousine Division (TLD) to renew his PPA issued taxicab driver's certificate (Taxicab Certificate). TLD conducted an investigation regarding Florival's qualifications for a Taxicab Certificate and discovered that he had used Appellant's vehicle to provide taxicab service while his driver's license was suspended. On August 27, 2014, TLD issued a citation to Appellant for using a taxicab driver with a suspended Pennsylvania driver's license. Appellant appealed the issuance of citation and, on October 23, 2014, a PPA Hearing Officer conducted a hearing.

At the hearing, TLD Inspector James Burke (Burke) testified that he received an administrative request for a violation regarding Appellant and found that Florival was operating Appellant's vehicle with a suspended driver's license from October 16, 2013, to April 1, 2014, and performed thousands of trips during that time. Burke stated that taxicab drivers are not permitted to operate a taxicab without a valid driver's license pursuant to TLD regulations and that certificate holders[2] are required to supervise their taxicab drivers to certify that only authorized drivers provide service. He further testified that, if an individual's driver's license is suspended, it automatically negates a driver's ability to operate pursuant to a valid Taxicab License; however, he noted that PPA's system would likely indicate that Florival possessed a valid Taxicab Certificate. (Reproduced Record (R.R.) at 127a-29a, 132a-33a, 140a.)

Burke testified that the citation was issued approximately four months after the last incident of driving with a suspended license occurred and that no citation was issued while the driver was purportedly operating Appellant's vehicle

_____

[2] The Code defines a certificate holder as the person to whom PPA issues a certificate of public convenience. 52 Pa. Code §1001.10(a).

2

without a valid driver's license. However, he stated that it was his understanding of the TLD regulations that, once a driver's license has been suspended, an individual is automatically ineligible to hold a Taxicab Certificate. (R.R. at 142a-43a.)

By order dated November 6, 2014, the PPA Hearing Officer concluded that it is the certificate holder's responsibility to check the credentials of the individual attempting to lease its taxicab to certify that the individual possesses a valid Pennsylvania driver's license. (Conclusion of Law No. 4.) Accordingly, PPA determined that Appellant violated section 1011.9 of the Code when it allowed an individual with a suspended driver's license to operate its taxicab.

Appellant appealed PPA's determination to the trial court, which conducted oral argument. At oral argument, Appellant argued that PPA erred when it determined that Appellant is responsible for checking the status of an individual's driver's license; PPA violated Appellant's due process rights when it retroactively issued a citation for conduct that occurred in the past, and; PPA abused its discretion when it determined that Appellant violated section 1011.9 of the Code absent evidence that Appellant failed to certify the validity of Florival's driver's license prior to leasing its vehicle to him.

By order dated July 9, 2015, the trial court denied Appellant's statutory appeal. Pursuant to Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 1925(a), the trial court filed an opinion stating that its decision should be affirmed and Appellant's appeal should be dismissed because: its appeal from the PPA Hearing Officer's decision was not timely filed pursuant to Pa.R.A.P. 903(a); the Code provides that it is Appellant's responsibility to ensure that Florival's driver's license was valid; Appellant's due process rights were not violated because it had adequate notice of the charges levied against it and an opportunity to be heard on those

charges; and the PPA Hearing Officer's findings were supported by substantial evidence.

On appeal to this Court,[3] Appellant reiterates the arguments raised before the trial court. Specifically, it argues that: the trial court erred when it determined that section 1011.9 of the Code requires a certificate holder to verify that a driver who operates its taxicabs possesses a valid driver's license; the trial court erred because PPA does not have the authority to retroactively issue citations for conduct that occurred months prior because it violates Appellant's due process rights; and the trial court erred when it determined that Appellant violated section 1011.9 of the Code because there is no record evidence indicating that it failed to verify whether Florival's driver's license was valid when it allowed him to operate its taxicab.

## Discussion

### Timeliness of Appeal

As an initial matter, we must determine whether Appellant's appeal from the PPA Hearing Officer's decision was timely filed.

Section 5705(a) of the Parking Authorities Law (Law) provides, in relevant part:

> In its discretion, the authority may exercise review of a hearing officer's decision within 15 days of the date of

---

[3] Where the trial court does not take any additional evidence, our scope of review of an agency's decision is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether necessary findings of fact are supported by substantial evidence. *Kovler v. Bureau of Administrative Adjudication*, 6 A.3d 1060, 1062 n.1 (Pa. Cmwlth. 2010).

issuance.  *If the authority does not perform a timely review of a hearing officer's decision, the decision will become a final order without further authority action. . . .*

53 Pa.C.S. §5705(a) (emphasis added).

Additionally, section 1005.213(a) of the Code provides that "[a] presiding officer's decision related to an enforcement proceeding will become a final order or adjudication of the Authority as provided in section 5705(a) of the act (relating to contested complaints)."  52 Pa. Code §1005.213(a).  Similarly, Pa.R.A.P. 108(a)(2) provides that:

> When pursuant to law a determination of a government unit other than a court is deemed to have been made by reason of the expiration of a specified period of time after submission of a matter to the government unit or after another prior event, *any person affected may treat the expiration of such period as equivalent to the entry of an order for the purposes of appeal* (in which event the notice of appeal or other document seeking review shall set forth briefly facts showing the applicability of this paragraph) and shall so treat the expiration of the period where the person has actual knowledge (other than knowledge of the mere lapse of time) that the implied determination has occurred.

Pa.R.A.P. 108(a)(2) (emphasis added).

Moreover, Pa.R.A.P. 341(a) provides that appeals as of right may only be taken from a final order of a government unit.  Pa.R.A.P. 1512(a)(1) states that a petition for review of a quasi-judicial order shall be filed within thirty days after the entry of the order.[4]

---

[4] Section 5705 of the Law provides that "[a] person aggrieved by an order of the authority entered pursuant to this chapter may appeal the order to the Court of Common Pleas of Philadelphia County.  All such appeals shall be governed by . . . Chapter 15 of the Pennsylvania Rules of Appellate Procedure."  53 Pa.C.S. §5705(d).

5

Here, the trial court determined that Appellant's notice of statutory appeal was filed thirty-two days after the issuance of the agency adjudication and, thus, was untimely filed pursuant to Pa.R.A.P. 903(a).[5] The date the trial court used to trigger the appeal period was the date the PPA Hearing Officer issued his order, November 6, 2014.

However, in its order denying Appellant's statutory appeal, the PPA Hearing Officer stated that his order will become effective as an adjudication on November 21, 2014, if not selected for review by PPA. (R.R. at 119a.) Because the case was not selected for review by PPA, the date that triggered the appeal period was November 21, 2014, and Appellant had thirty days from that date to appeal the PPA Hearing Officer's order. The record indicates that Appellant filed its statutory appeal on December 8, 2014, well within the required appeal period. (R.R. at 95a.) Accordingly, contrary to the trial court's assertion, Appellant's statutory appeal was not untimely filed.

**Merits**

The remaining issues presented in this matter are identical to those presented and resolved by this Court in the related matter of *Lindros Taxi v. Philadelphia Parking Authority*, __ A.3d __ (Pa. Cmwlth., No. 1173 C.D. 2015, filed July 1, 2016). In *Lindros Taxi*, we reasoned that the Code does not require a certificate holder to verify that a taxicab driver possesses a valid driver's license and, consequently, a certificate holder's duty to supervise pursuant to section 1011.9(b) of the Code is satisfied if it verifies that an individual possesses a current and validly

---

[5] The chapter the trial court cited applies to appeals from a trial court to an appellate court. Pa.R.A.P. 901.

6

issued Taxicab Certificate. Therefore, we adopt the reasoning set forth in *Lindros Taxi* and likewise reject the arguments raised by PPA in the present matter.

## Conclusion

Accordingly, because Appellant's appeal was not untimely filed and the Code does not require a certificate holder to verify that a taxicab driver possesses a valid driver's license, the trial court's order is reversed.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Schmidt Taxi, LLC,            :  
            Appellant        :  
                                :    No. 1617 C.D. 2015  
        v.                :  
                                :  
The Philadelphia Parking Authority    :

## *<u>ORDER</u>*

      AND NOW, this 5th day of July, 2016, the July 9, 2015 order of the Court of Common Pleas of Philadelphia County is reversed.

_____  
PATRICIA A. McCULLOUGH, Judge